**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRITTANY T. GUMBINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ALPHA BULK LOGISTICS LLC, | ) | Judge: |
| MICHAEL AGIN, BARRY NETZKY | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Brittany T. Gumbiner, by and through her attorney, Peniel Manigat of Penman & Associates, LLC., complaining against the Defendants ALPHA BULK LOGISTICS, LLC, MICHAEL AGINS AND BARRY NETZKY and states as follows:

## NATURE OF CLAIM

1. This is an action for gender-based harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000 et seq.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, and 28 U.S.C. §1367.

## VENUE

3. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district

1

where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

4. The events giving rise to the claims involved herein occurred in the Northern District of Illinois.

## PARTIES

5. Brittany T. Gumbiner, ("Plaintiff") is an adult and resident of Cook County, Illinois, located in the Northern District of Illinois.

6. Defendant ALPHA BULK LOGISTICS, LLC ("Alpha") is a private corporation, duly organized under the laws of the State of Illinois, located in the Northern District of Illinois.

7. Upon information and belief, Defendant Michael Agins is a resident and citizen of Cook County, Illinois, located in the Northern District of Illinois.

8. Upon information and belief, Defendant Barry Netzky is a resident and citizen of Cook County, Illinois, located in the Northern District of Illinois.

## FACTS

9. Plaintiff is a female.

10. Alpha is a logistics company which employs more than 15 individuals.

11. As a logistics company, Alpha operates as a freight broker, servicing customers Accounts by securing their products and choosing the proper carrier to move the Customers' product.

2

12. Plaintiff was hired by Alpha, as a National Sales Manager, on October 30, 2017.

13. Plaintiff's essential duties included, but not limited to, building relationships with customers, managing customer accounts, securing customer loads and building the loads into the dispatch system.

14. Plaintiff's direct report was Michael Agins ("Agins"), President of Alpha.

15. Barry Netzky ("Netzky") was an employee of Alpha and held numerous high level positions within Alpha.

16. Netzky subjected Plaintiff to bullying, often talking down to her, on a continual basis

17. David Lawler ("Lawler") was employed by Alpha as Director of Truck Loads.

18. Lawler publicly talked about women, including Plaintiff and Alpha's only other female employee in the office, Elizabeth Scheffke ("Scheffke"), in a derogatory and demeaning manner

    i. In Nov, of 2017, Lawler yelled at Plaintiff, berating her in front of Alpha employees; and while doing so, Lawler called Plaintiff an "idiot" and a "dumb bitch".

    ii. In February, of 2018, while in the Plaintiff's presence, Lawler said that women (in general) were "sensitive," "had it easier than men" and could, at times, act like "dumb bitches."

3

      iii. In February, of 2018, after Lawler complained about Alpha's Carrier Representatives, Plaintiff agreed with him and he immediately said, to her, "Shut up! I've been here for a year, gosh you are such a stupid bitch."

      iv. On another occasion, after listening to Plaintiff talk on the phone, Lawler stated that Plaintiff sounded like a "major cunt" and "huge bitch."

19. These gender-based derogatory statements and remarks made toward Plaintiff, or in Plaintiff's presence, and often in front of other employees as well, occurred at the parties' place of employment and during normal business hours.

20. Plaintiff reported Netzky and Lawler's statements and remarks, to Agins[1], on numerous occasions, very shortly after they uttered them in her presence.

21. On at least one occasion after Plaintiff's reports, which detailed the abusive manner in which she was treated at work, Agins indicated that he was did not like to hear her continually complaining about Netzky and Lawler

22. Agins, to the best of Plaintiff's knowledge, did nothing to reprimand or discipline Netzky and Lawler for their statements and remarks.

23. Agins, to the best of Plaintiff's knowledge, did nothing to investigate Plaintiff's complaints regarding Netzky and Lawler's statements and remarks

24. On February 26, 2018 shortly after Agins returned from a business trip, Plaintiff met with him, in his office, to further discuss her complaints against Netzky and Lawler.

---

[1] There was no Human Resources at Alpha during the time Plaintiff was employed with them

25. During the meeting, on February 26, 2018, Agins angrily told Plaintiff that he was tired of listening to her complain about Netzky and Lawler all the time.

26. Agins, during the meeting on February 26, 2018, falsely accused Plaintiff of recording their conversation and, subsequently, yelled at her, snatched her phone, pushed her out of his office and slammed the door on Plaintiffs arm.

27. Plaintiff was escorted off Alpha's premises, after Agins attacked her

28. On February 27, 2018, Agins terminated Plaintiff's employment, via text, without a stated reason

29. Prior to her termination, on February 27, 2018, Plaintiff met, if not exceeded, her employer's legitimate expectations in relation to her duties as described in paragraph 11.

30. Prior to her termination, on February 27, 2018, Plaintiff never received a performance improvement plan or any complaints regarding her performance.

31. Prior to her termination, on February 27, 2018, the only behavioral based complaint that Plaintiff received was when Agins accused Plaintiff, on the day before her termination, of continuously reporting the hostile work environment to which she felt subjected

32. Plaintiff timely filed a charge of gender-based harassment and discrimination against Alpha with the EEOC. Plaintiff was issued a Notice of Right to sue. See "Right to Sue" letter, attached to this instant Complaint as Exhibit A

33. To the extent necessary, and prior to filing this instant Complaint, Plaintiff

5

exhausted her administrative remedies by complaining to the appropriate entities and pursuing adequate avenues of relief.

## COUNT I
## GENDER-BASED HARASSMENT & DISCRIMINATION

34. Plaintiff restates and realleges all the statements made in paragraphs 1-33 of this complaint as though fully set forth herein.

35. Netzky embarrassed, demeaned and belittled Plaintiff on numerous occasions.

36. Netzky did not embarrass, demean or belittle male employees.

37. Lawler embarrassed, cursed, demeaned and belittled Plaintiff in front of her co-workers on numerous occasions.

38. Lawler's derogatory statements and remarks about Plaintiff, Scheffke and women, in general, created an offensive work environment.

39. Lawler's derogatory statements and remarks about Plaintiff, Scheffke and women, in general, were severe and pervasive.

40. Lawler's gender bias against women, in his statements, remarks and attitude was the subject of Plaintiff's complaints on the day before she was terminated

41. Alpha's termination of Plaintiff's employment constitutes an adverse employment action.

42. Plaintiff met, if not exceeded, Alpha's legitimate employment expectations

43. Alpha did not state a reason for terminating Plaintiff

44. Lawler's offensive and pervasive derogatory statements and attitude toward

6

        Plaintiff, and women in general, along with Agins' acquiescence toward Plaintiff's complaints thereon, constituted violations of the Title VII of the Civil Rights Act.

45.    Lawler is a Director, which is a position of management within Alpha's Organization; therefore, Alpha is strictly liable for Lawler's unlawful acts as stated herein.

46.    Plaintiff has suffered extreme mental anguish, professional embarrassment, and physical injury, as a result of Alpha's or its agents' actions, and she is, consequently, entitled to relief for her damages.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants and the following relief:

    A.    Compensatory damages for the extreme mental anguish and physical injury she suffered;
    B.    For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;
    C.    Punitive Damages;
    D.    Damages for future pecuniary losses;
    E.    Expungement of any wrongdoing, if any, from Plaintiff's personnel file;
    F.    Reimbursement of Plaintiff's costs and an award of reasonable attorney's fees; and
    G.    Any other and further relief as this court may deem just and proper.

## COUNT II
## RETALIATION

47.    Plaintiff restates and realleges all the statements made in paragraphs 1-46 of this

Complaint as though fully set forth herein.

48. Plaintiff as an Alpha employee, engaged in statutorily protected activity, on numerous occasions, by reporting and complaining of the gender-based harassment, animus and discrimination, by Netzky and Lawler as described herein, to Agins.

49. Plaintiff met, if not exceeded, Alpha's legitimate expectations while she was employed with Alpha.

50. Plaintiff suffered an adverse employment action when her employment was terminated on February 27, 2018.

51. Alpha, and its agents, were aware of Plaintiff's harassment complaints at the time of her termination

52. Alpha did not state a reason for terminating Plaintiff.

53. Plaintiff's termination, on February 27, 2018, was causally connected with her reporting gender-based harassment to Agins, on numerous occasions, including the complaints on the day before she was terminated.

54. Agins' frustration with Plaintiff, due to her gender-based harassment complaints, and subsequent termination of her employment with Alpha, shortly thereafter and without reason, constituted violations of the Title VII of the Civil Rights Act.

55. Plaintiff has suffered extreme mental anguish, professional embarrassment and physical injury, as a result of Alpha's actions, and she is, consequently, entitled to relief for her damages.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants and the following relief:

  A. Compensatory damages for the extreme mental anguish and physical injury she suffered;
  B. For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;
  C. Punitive Damages;
  D. Damages for future pecuniary losses;
  E. Expungement of any wrongdoing, if any, from Plaintiff's personnel file;
  F. Reimbursement of Plaintiff's costs and an award of reasonable attorney's fees; and
  G. Any other and further relief as this court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

March 1, 2019

               /s/ Peniel Manigat
               Peniel Manigat

By: Peniel Manigat, J.D.
Its: Member Manager
Penman & Associates, LLC
150 N. Michigan Ave, Suite 800
Chicago IL, 60601
P: 312-588-3355
C: 312-217-3221
F: 312-801-5155
E: peniel@penmanlegal.com